UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:10-CV-0171-RCJ (VPC) |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| REAL PROPERTY LOCATED | ) | |
| AT 10570 PLATA MESA DRIVE, et al., | ) | |
| Defendants. | ) | |

On March 2, 2011 this court considered plaintiff's motion to compel responses to interrogatories and to determine sufficiency of responses to requests for admission in a civil forfeiture of the defendant real property (#5). Two separate claims were filed: one filed by Susan Romero (#2-1) and the other filed by Gary Romero (#3-1). The Romeros, husband and wife, also filed separate answers to the complaint (#s 2-2 & 3). By its motion, plaintiff moved to compel the Romeros to answer interrogatories and to respond to requests for admission and/or that they be deemed admitted. Plaintiff also sought its attorney's fees for having to bring the motion to compel.

The court granted plaintiff's motion, as more fully set forth in the minutes of the March 2, 2011 hearing, and it also awarded attorney's fees and costs to plaintiff to be paid by claimants' counsel (#15). Pursuant to this court's order, plaintiff's counsel filed a memorandum of costs and attorney's fees by March 16, 2011, and claimants had leave to interpose any objections fifteen days thereafter. *Id.* Claimants filed no response; therefore, the court examines plaintiff's memorandum of costs and attorney's fees.

**I.   Discussion**

Plaintiff is the prevailing party to the extent that the court determined that claimants should have provided plaintiff with outstanding responses to discovery requests. The court concluded that an award

of attorney's fees and costs was proper under the circumstances, and must now calculate a reasonable fee award.

Calculation of reasonable attorney's fees is a two-step process. First, the court computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted). Each is addressed in turn.

### A. Step One

#### 1. Reasonable Hourly Rate

It is customary for attorneys to bill an hourly rate for legal services provided, and Mr. Addington attests that his hourly rate is $170.00. The court is quite familiar with the hourly rates charged in Nevada for legal services and finds an hourly rate of $170.00 to be very reasonable.

#### 2. Hours Reasonably Expended

Mr. Addington's declaration provides the dates on which he provided legal services in connection with the motion to compel and for sanctions, a task summary of work performed for each entry, and the time spent on each task. The court is familiar with the papers Mr. Addington filed in support of his motion, and the time allocated for preparation for the hearing and finds his attorney's fees are reasonable.

### B. Step Two

The next step is to decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors not already included in the initial lodestar calculation. *Fischer*, 214 F.3d 1115, 1119. The *Kerr* factors are: 1) the time and labor required, 2) the novelty and the difficulty of the questions involved, 3) the skill required to perform the legal service properly, 4) the preclusion of other employment by the attorney due to the acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the client or circumstances, 8) the amount involved and the results obtained, 9) the experience, reputation, and ability of the attorney, 10) the "undesirability" of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.,* 525 F.2d 67, 70 (9th Cir. 1975). The *Kerr* factors are also incorporated

in Local Rule 54-16. The court has considered all of the relevant factors and finds that none of the *Kerr* factors warrants a revision to Mr. Addington's fee application, and the plaintiff is awarded $1,147.50 in attorney's fees. Plaintiff provided no information concerning costs incurred; therefore, no amount is awarded for costs.

**II.     Conclusion**

Plaintiff is awarded $1,147.50 in attorney's fees, payable by claimants' counsel within sixty days of the date of this order.

IT IS SO ORDERED.

DATED: April 4, 2011.

_____
UNITED STATES MAGISTRATE JUDGE