# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                               )<br>                       Plaintiff,                  )<br>                                                               )<br>       vs.                                                )<br>                                                               )<br>REAL PROPERTY LOCATED AT 10570 )<br>PLATA MESA DRIVE etc.,                 )<br>                                                               )<br>                       Defendant.              )<br>_____ ) | 3:10-cv-00171-RCJ-VPC<br><br>**ORDER** |

This is a civil forfeiture action under 21 U.S.C. § 881(a)(7) against real property located at 10570 Plata Mesa Dr., Reno, Nevada. (*See* Compl. ¶¶ 3, 12, Mar. 26, 2010, ECF No. 1). Claimant Gary Romero is the sole owner of the Defendant res, although his wife, Claimant Susan Romero, may have an interest in the res through the community property laws. (*See id.* ¶¶ 4–5). Gary Romero allegedly used the Defendant property to process and store marijuana, cocaine, and methamphetamine. (*Id.* ¶ 7; Mot. Summ. J. 1, May 6, 2011, ECF No. 21). In February 2010, the Romeros were arrested for various state drug crimes. (Compl. ¶¶ 9–10). Plaintiff alleges the Defendant property was used to facilitate the commission of federal crimes under Subchapter I of Chapter 13 of Title 21 punishable by more than one year of imprisonment. (*See id.* ¶ 11). Consensual searches of the Defendant property prompted by Gary Romero's arrest for sale of methamphetamine, as well as the subsequent execution of a search warrant, revealed illegal drugs in the residence. (Bluth Decl. ¶¶ 5–14, May 5, 2011, ECF No. 22, at 1). Susan Romero admitted she was aware of Gary Romero's drug trafficking at the property. (*Id.* ¶

15). Gary Romero has since pled guilty in state court to level 2 drug trafficking. (*See* Bluth Decl. ¶ 17; J., July 28, 2010, ECF No. 22, at 14).

The Romeros filed separate answers and verified claims in which they admitted the general allegations of the Complaint but denied the conclusion that the Defendant res was therefore forfeit. (*See* ECF Nos. 2, 3). Plaintiff has met its initial burden to show that there is no genuine issue of material fact that the Defendant res was used to facilitate covered offenses and is therefore forfeit under section 881(a)(7). In any case, neither Claimant has timely responded to Plaintiff's present motion for summary judgment, which failure constitutes consent to granting the motion. *See* Local R. 7-2(d).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 21) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall file a proposed form of judgment.

IT IS SO ORDERED.

Dated this 2nd day of June, 2011.

_____
ROBERT C. JONES
United States District Judge